United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-40363

_____

JON ALAN ASHCRAFT

Plaintiff - Appellee

versus

CAL WOOTEN, Warden, et al

Defendants

CAL WOOTEN, Warden; UPENDRA KATAGADA, Major of Building,
Security; MORGAN LAIRD

Defendants - Appellants

_____

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 3:02-cv-539)

_____

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

Laird, Katragada, and Wooten take this interlocutory appeal from the district court's denial of their motion for summary judgment on the basis of qualified immunity. For the following reasons, we dismiss this interlocutory appeal for lack of jurisdiction as to Laird and Katragada, but reverse the denial of summary judgment as to Wooten.

1.  The denial of a motion for summary judgment based upon qualified immunity is a collateral order capable of immediate review. However, our jurisdiction is limited "to the extent that [the denial of summary judgment] turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411, 427 (1985). "[W]e lack interlocutory jurisdiction to review the district court's conclusion that the plaintiff has created a genuine issue of fact as to some matter." *Johnson v. Johnson*, 385 F.3d 503, 523 (5th Cir. 2004). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).

2.  A fact issue has been raised that Laird had knowledge of the schizophrenic attacker, Benton's, history of mental illness and violent propensity by way of his position as the classification officer. Katragada is an assistant warden and has regularly served as chairman of the Unit Classification Committee. The Unit Classification Committee received a medical health history form describing Benton. There is also an issue of Katragada's confinement of Ashcraft after the injury. We dismiss Laird and Katragada's appeal for lack of jurisdiction.

3.  The record displays no evidence to warrant the claim that the warden had

knowledge of any problem with Benton or danger to Ashcraft. Appellant Wooten is entitled to qualified immunity. We therefore reverse the district court's denial and grant summary judgment to Wooten.

DISMISSED IN PART and REVERSED AND RENDERED IN PART.